# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TIMOTHY M. LEWIS, | Civil Action No. 17-12797-BRM-LHG |
| Plaintiff, | |
| v. | **OPINION** |
| JOHN JOHNSON, et al., | |
| Defendants. | |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is the Complaint of Plaintiff Timothy M. Lewis ("Plaintiff") raising civil rights claims against his criminal defense attorney and two public defenders. (ECF No. 1.) Also before the Court is Plaintiff's application for leave to proceed *in forma pauperis*. (ECF No. 1-1.) Having reviewed Plaintiff's application to proceed *in forma pauperis*, the accompanying affidavit, and the certified account statement setting forth Plaintiff's financial status, the Court finds that leave to proceed *in forma pauperis* is warranted in this matter. Accordingly, Plaintiff's application to proceed *in forma pauperis* (ECF No. 1-1) is **GRANTED**.

Because Plaintiff is proceeding *in forma pauperis*, the Court is required to screen the Complaint under 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must dismiss Plaintiff's claims if they are frivolous, malicious, fail to state a claim for relief, or seek damages from a defendant who is immune. For the reasons set forth below, Plaintiff's Complaint (ECF No. 1) is **DISMISSED** in its entirety.

**I.    BACKGROUND**[1]

---

[1] The following factual allegations are taken from Plaintiff's Complaint (ECF No. 1), and are assumed to be true for the purposes of this Opinion.

1

In his complaint, Plaintiff asserts his assigned criminal defense attorney, Michael G. Weiss, refused to help him prepare his criminal case, refused to file Plaintiff's *pro se* supplemental motions, and subjected Plaintiff to verbal abuse and insults. (ECF No. 1 at 4-6.) Plaintiff also asserts Weiss failed to meet with him to discuss his criminal case. (*Id.* at 6.) Because his attorney refuses to assist him, Plaintiff reached out to the office of Defendant Krakora, the Public Defender of the State of New Jersey. (*Id.* at 3-6.) Specifically, Plaintiff spoke with Defendant John Johnson, one of Krakora's deputy public defenders, who stated he would investigate the matter and "get back" to Plaintiff. (*Id.* at 4.) Johnson thereafter failed to contact Plaintiff regarding his case and his complaint about his assigned attorney.

## II.    LEGAL STANDARD

Pursuant to the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) (the "PLRA"), district courts must review the complaints in all civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), or seeks damages from a state employee. *See* 28 U.S.C. § 1915A. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A. This action is subject to *sua sponte* screening for dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) because Plaintiff has been granted *in forma pauperis* status.

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232

(3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* "Determining whether the allegations in a complaint are plausible is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in

their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

**III.    DECISION**

Plaintiff seeks to bring claims against his defense attorney and two public defenders arising out of his attorney's apparent deficient performance, which he asserts violates his constitutional right to counsel. "To establish a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a violation of a right protected by the Constitution or laws of the United States that was committed by a person acting under the color of state law." *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000); *see also Woodyard v. Cnty. of Essex*, 514 F. App'x 177, 180 (3d Cir. 2013) (noting that § 1983 provides "private citizens with a means to redress violations of federal law committed by state [actors]"). "The first step in evaluating a section 1983 claim is to 'identify the exact contours of the underlying right said to have been violated' and to determine 'whether the plaintiff has alleged a deprivation of a constitutional right at all.'" *Nicini*, 212 F.3d at 806 (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 841 n.5 (1998)).

In this matter, Plaintiff appears to be raising claims against his assigned attorney and the public defenders based on ineffective assistance of counsel. Defense counsel, including "public defenders and court-appointed counsel acting within the scope of their professional duties are absolutely immune from civil liability under § 1983." *Walker v. Pennsylvania*, 580 F. App'x 75, 78 (3d Cir. 2014) (quoting *Black v. Bayer*, 672 F.2d 309, 320 (3d Cir. 1982), *abrogated on other grounds by D.R. v. Middle Bucks Area Voc. Tech. Sch.*, 972 F.2d 1364, 1368 n.7 (3d Cir. 1992)). In other words, defense attorneys who are employed by the government as public defenders enjoy this immunity because defense counsel "does not act under color of state law when performing a lawyer's traditional functions." *Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981).  All of Petitioner's

constitutional claims arise out of his allegation that he is receiving constitutionally defective assistance from his criminal attorney and concern the performance of his criminal attorney. Because Plaintiff's claims arise out of the conduct of his assigned attorney, and because his assigned attorney and the public defenders are immune for actions within the scope of their professional duties, all the named Defendants are immune. Therefore, Petitioner's federal claims fail to state a claim for which relief can be granted and are **DISMISSED WITH PREJUDICE**.

It is not clear from the complaint whether Plaintiff also intends to raise state law claims, such as legal malpractice claims, against any of the named Defendants. Even if Plaintiff did wish to do so, however, the Court declines to extend supplemental jurisdiction over any nascent state law claim, having dismissed all claims over which the Court has original jurisdiction. *See* 28 U.S.C. § 1367(c)(3). Accordingly, Plaintiff's complaint is **DISMISSED** in its entirety.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's application for leave to proceed *in forma pauperis* (ECF No. 1-1) is **GRANTED**, and Plaintiff's Complaint (ECF No. 1) is **DISMISSED** in its entirety. An appropriate order will follow.

Dated: June 18, 2018

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**